IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MATTHEW ROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. _____ |
| CITY OF CHATTAHOOCHEE | ) | |
| HILLS, GEORGIA, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Matthew Rook, ("Plaintiff"), by and through undersigned counsel, and brings this Complaint against the City of Chattahoochee Hills, Georgia, ("Defendant"), under the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") for Defendant's willful failure to pay Plaintiff overtime compensation, and for such other and further relief as set forth herein, showing the Court as follows:

## JURISDICTION, VENUE AND PARTIES

1.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

2.

Defendant is a municipality located in Fulton County, Georgia and may be served through its counsel, Richard P. Lindsey, Lindsey Law Firm, PC, 2002 Commerce Drive North, Suite 300, Peachtree City, Georgia 30269, who has specifically agreed to accept service on behalf of Defendant.

3.

The City of Chattahoochee Hills Police Department is a city government agency and division of the City of Chattahoochee Hills, Georgia located in Fulton County, Georgia.

4.

Plaintiff was employed by Defendant at the City of Chattahoochee Hills Police Department from on or about November 11, 2009 through December 31, 2015.

5.

Plaintiff was an "Employee" as defined under the FLSA, 29 U.S.C. § 203(e)(2)(c).

6.

Plaintiff performed non-exempt labor for Defendant within the past three (3) years.

7.

During his employment with Defendant, Plaintiff worked more than eighty six (86) hours in a fourteen (14) day pay period and has not been fully compensated for all hours actually worked.

8.

During his employment with Defendant, Plaintiff worked more than eighty six (86) hours in a (14) day pay period and was not paid overtime as required by the FLSA, 29 U.S.C. § 207.

9.

Upon information and belief, Defendant was Plaintiff's "Employer" as defined in  29 U.S.C. § 203(d).

**FACTUAL ALLEGATIONS**

**VIOLATION OF THE FLSA**

10.

Plaintiff incorporates all foregoing paragraphs as if same were fully expressed herein.

11.

Plaintiff was employed by Defendant between November 11, 2009 and December 31, 2015 and was paid every fourteen (14) days as were all other law

enforcement officers employed by the City of Chattahoochee Hills Police Department.

12.

Plaintiff was promoted to Chief of Police on or about April 13, 2012.

13.

FLSA guidelines mandate that non-exempt personnel are to be compensated for all hours actually worked during a designated pay period.

14.

FLSA guidelines provide that law enforcement personnel who work more than eight six (86) hours during a fourteen (14) day pay period are to be paid overtime at a rate of time and a half for all hours worked in excess eighty six (86) hours.

15.

Throughout his tenure with the City of Chattahoochee Hills Police Department, Plaintiff routinely performed non-exempt, street level law enforcement duties including, but not limited to:

1. Writing and issuing citations;

2. Working traffic complaints, making traffic stops, and writing traffic citations;

3. Conducting and performing arrests for violations of Georgia law and city ordinances;

4. Performing duties as a K-9 officer including, but not limited to, drug searches, searching for lost children and adults, tracking suspects, and engaging in community events;

5. Answering service calls including 911 calls for emergency service and requests for assistance from other law enforcement agencies;

6. Investigating crimes and reports of criminal activity;

7. Providing back-up response for fellow law enforcement officers while serving as the required second road officer on each shift as well as acting as a back-up officer for other law enforcement officers working in and around the City of Chattahoochee Hills, Georgia; and

8. Working required shifts performing street-level law enforcement as the second, required patrol unit.

16.

Plaintiff performed these street level law enforcement duties throughout the entirety of his time serving as Chief of Police.

17.

Plaintiff's performance of these street level law enforcement duties was consistent with instructions from city officials which dictated that Plaintiff "spend

80% of his time" as a patrol officer. This mandate was communicated both during his interviews for the position as Chief of Police and constantly throughout his tenure as Chief of Police.

18.

Plaintiff regularly worked an average of two (2) hours of overtime each shift, or twenty (20) hours of overtime during fourteen (14) day pay periods.

19.

On at least one occasion, Thanksgiving 2014, Plaintiff worked an additional four hours of overtime following an eight hour shift.

20.

Upon information and belief, Plaintiff brought his overtime hours to the attention of Defendant's human resources representatives on multiple occasions during his tenure with the City of Chattahoochee Hills Police Department.

21.

Upon information and belief, Plaintiff was improperly and unlawfully advised by Defendant's designated representatives that he was not eligible for overtime pay.

22.

Upon information and belief, Defendant, through the actions of its agents and/or employees, deliberately deceived Plaintiff, or in the alternative, elected to

remain uninformed, about the law pertaining to Plaintiff's overtime classification and status.

23.

Upon information and belief, Defendant managed, controlled, and directed Plaintiff's tasks, hours, schedule, duties, and manner of payment at all times relevant to this Complaint.

24.

Upon information and belief, Defendant was not exempt from application of the overtime compensation requirements under FLSA 29 U.S.C. §§ 207 and 213.

25.

Plaintiff regularly performed non-exempt labor and was required to perform non-exempt job duties while employed by Defendant as Chief of Police between April 13, 2012 and December 31, 2015.

26.

FLSA exemptions do not apply to "*police officers*, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, correctional officers, parole or probation officers, park rangers, fire fighters, paramedics, emergency medical technicians, ambulance personnel, rescue workers, hazardous materials workers and similar employees, regardless of rank or pay level, who perform work such as preventing, controlling or extinguishing fires of

any type, rescuing fire, crime or accident victims; *preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects, detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.*" See Plaintiff's Exhibit A attached hereto, U.S. Department of Labor, Wage and Hour Division, Fact Sheet #17A: Exemption for Executive, Administrative, Professional, Computer & Outside Sales Employees Under the Fair Labor Standard Act (FLSA) (emphasis added).

27.

Plaintiff was not compensated for all overtime hours actually worked between on or about April 13, 2012 and December 31, 2015.

28.

Plaintiff was not compensated at a rate of time and a half for all non-exempt hours worked in excess of eighty six (86) during fourteen (14) day pay periods.

29.

Defendant knew or should have known that the FLSA overtime wage differential applied to Plaintiff.

30.

Upon information and belief, when Defendant refused to pay Plaintiff the overtime wage differential as required by federal law, Defendant was not relying on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to overtime compensation.

31.

Defendant's conduct willfully violates 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney's fees, and costs of litigation pursuant to 29 U.S.C. § 216.

## <u>BREACH OF CONTRACT</u>
## <u>FAILURE TO PAY PROPER SALARY</u>

32.

Plaintiff incorporates all foregoing paragraphs as if same were fully expressed herein.

33.

Plaintiff was named Chief of Police for the City of Chattahoochee Hills Police Department on or about April 13, 2012.

34.

City of Chattahoochee Hills ordinance Number 10-05-73 mandates that the Chief of Police shall be paid a salary of not less than $65,000.00 per year. See Plaintiff's Exhibit B attached hereto.

35.

City of Chattahoochee Hills Ordinance Number 10-05-73 became effective on May 5, 2010.

36.

Upon information and belief, City of Chattahoochee Hills Ordinance Number 10-05-73 was in effect at all times relevant to this Complaint.

37.

Between April 13, 2012 and December 31, 2012, Plaintiff was paid a prorated salary of $30,972.26 which was $15,068.65 less than the lawful, prorated salary owed to Plaintiff based on an annual salary of $65,000.00 set by Defendant's city ordinance.

38.

In 2013, Plaintiff's salary was $46,829.00 which was $18,171.00 less than the amount required by Defendant's city ordinance.

39.

In 2014, Plaintiff's salary was $50,184.00 which was $14,816.00 less than the amount required by Defendant's city ordinance.

40.

In 2015, Plaintiff's salary was $52,913.00 which was $12,087.00 less than the amount required by Defendant's city ordinance.

41.

Plaintiff's employment with Defendant ended on December 31, 2015.

42.

Between April 13, 2012 and December 31, 2015, Plaintiff performed the duties and responsibilities of Chief of Police.

43.

Defendant received the benefit of Plaintiff's services as Chief of Police without compensating Plaintiff in accordance with Defendant's own payment guidelines and the law as expressed in duly passed county ordinances.

## COUNT ONE
## VIOLATION OF FLSA 29 U.S.C. §§ 201 et seq.

44.

Plaintiff incorporates all foregoing paragraphs as if same were fully expressed herein.

45.

Defendant's failure to compensate Plaintiff at a rate of one and one half times his calculated hourly rate for all hours actually worked in excess of eighty six (86) hours during fourteen (14) day pay periods is a violation of FLSA 29 U.S.C. §§ 207 and 215.

46.

Defendant required Plaintiff to work more than eighty six (86) hours during fourteen (14) day pay periods without paying Plaintiff overtime in violation of 29 U.S.C. § 201 *et seq*.

47.

Defendant's violations were intentional and willful as Defendant knew or should have known that it was required to compensate Plaintiff for all non-exempt overtime hours worked in excess of eighty six (86) hours during fourteen (14) day pay periods.

48.

Defendant willfully failed to accurately report, record, and/or preserve records of hours actually worked by Plaintiff, and thus failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practices of employment, all in violation of the FLSA.

49.

Defendant's conduct was willful, intentional, and in bad faith.

50.

Defendant's willful, intentional, and bad faith violations give rise to a claim for relief pursuant to FLSA 29 U.S.C. § 216.

## COUNT TWO
## BREACH OF CONTRACT
## FAILURE TO PAY PROPER SALARY

51.

Plaintiff incorporates all foregoing paragraphs as if same were fully expressed herein.

52.

Plaintiff was promoted to the position of Chief of Police of the City of Chattahoochee Hills Police Department on or about April 13, 2012.

53.

At all times relevant to this Complaint, City of Chattahoochee Hills city ordinance mandated that the position of Chief of Police be accompanied by an annual salary of not less than $65,000.00.

54.

Plaintiff undertook the responsibilities of Chief of Police for the City of Chattahoochee Hills on or about April 13, 2012.

55.

In taking on the responsibilities of Chief of Police, a contract was formed between Plaintiff and Defendant under which Plaintiff agreed to undertake and perform the duties and responsibilities of Chief of Police in exchange for an annual salary of not less than $65,000.00.

56.

Plaintiff performed the responsibilities of Chief of Police for the City of Chattahoochee Hills between on or about April 13, 2012 and December 31, 2015.

57.

Plaintiff's performance of the responsibilities of Chief of Police was consideration for a contractual relationship with Defendant.

58.

Defendant willfully failed to compensate Plaintiff at an annual salary of at least $65,000.00 for performing the duties and responsibilities of Chief of Police.

59.

Defendant's willful failure to compensate Plaintiff at an annual salary of at least $65,000.00 for performing the duties and responsibilities of Chief of Police is a breach of contract.

WHEREFORE, Plaintiff requests that this Court:

1) Grant a trial by jury as to all triable issues of fact;

2)  Issue a judgment awarding Plaintiff:

    a.  All past due unpaid wages;

    b.  All unpaid overtime wages owed Plaintiff pursuant to FLSA 29 U.S.C. § 201 *et seq.*;

    c.  Liquidated damages as provided by 29 U.S.C. § 216;

    d.  Pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216;

    e.  Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. § 216;

    f.  Any and all other remedies allowed under the FLSA;

    g.  Any and all damages allowed under the law for Defendant's breach of contract; and

3)  Any and all such other relief this Court allows.

This 2nd day of August, 2016.

                             LoRusso Law Firm, P.C.

                             s/ Lance J. LoRusso
                             Lance J. LoRusso
                             Georgia Bar No. 458023
                             Blake H. Joiner
                             Georgia Bar No. 906241
                             Attorneys for Plaintiff

1827 Powers Ferry Road SE
Building 8, Suite 200
Atlanta, Georgia 30339
770-644-2378
770-644-2379 (fax)


This Document Appears In Times New Roman 14 Point Font

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division
(Revised July 2008)

> The Department announced a Final Rule focused primarily on updating the salary and compensation levels needed for
> Executive, Administrative and Professional workers to be exempt. For more information, see
> http://www.dol.gov/whd/overtime/final2016/.

## Fact Sheet #17A:  Exemption for Executive, Administrative, Professional, Computer & Outside Sales Employees Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information on the exemption from <u>minimum wage</u> and <u>overtime pay</u> provided by Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations, <u>29 CFR Part 541</u>.

The <u>FLSA</u> requires that most employees in the United States be paid at least the <u>federal minimum wage</u> for all hours worked and <u>overtime pay</u> at time and one-half the regular rate of pay for all hours worked over 40 hours in a workweek.

However, Section 13(a)(1) of the FLSA provides an exemption from both <u>minimum wage</u> and <u>overtime pay</u> for employees employed as bona fide executive, administrative, professional and outside sales employees.  Section 13(a)(1) and Section 13(a)(17) also exempt certain computer employees.  To qualify for exemption, employees generally must meet certain tests regarding their job duties and be paid on a salary basis at not less than $455 per week.  Job titles do not determine exempt status.  In order for an exemption to apply, an employee's specific job duties and salary must meet all the requirements of the Department's regulations.

See other fact sheets in this series for more information on the exemptions for <u>executive</u>, <u>administrative</u>, <u>professional</u>, <u>computer</u> and <u>outside sales</u> employees, and for more information on the <u>salary basis</u> requirement.

### Executive Exemption
To qualify for the executive employee exemption, all of the following tests must be met:

- The employee must be compensated on a <u>salary</u> basis (as defined in the regulations) at a rate not less than $455 per week;
- The employee's primary duty must be managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise;
- The employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and
- The employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.

### Administrative Exemptions
To qualify for the administrative employee exemption, all of the following tests must be met:

- The employee must be compensated on a <u>salary</u> or fee basis (as defined in the regulations) at a rate not less than $455 per week;
- The employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
- The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.



FS 17A

## Professional Exemption

To qualify for the **learned professional** employee exemption, all of the following tests must be met:

- The employee must be compensated on a <u>salary</u> or fee basis (as defined in the regulations) at a rate not less than $455 per week;
- The employee's primary duty must be the performance of work requiring advanced knowledge, defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment;
- The advanced knowledge must be in a field of science or learning; and
- The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

To qualify for the **creative professional** employee exemption, all of the following tests must be met:

- The employee must be compensated on a salary or fee basis (as defined in the regulations) at a rate not less than $455 per week;
- The employee's primary duty must be the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

## Computer Employee Exemption

To qualify for the computer employee exemption, the following tests must be met:

- The employee must be compensated **either** on a salary or fee basis (as defined in the regulations) at a rate not less than $455 per week **or**, if compensated on an hourly basis, at a rate not less than $27.63 an hour;
- The employee must be employed as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field performing the duties described below;
- The employee's primary duty must consist of:
  1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;
  2) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
  3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or
  4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

## Outside Sales Exemption

To qualify for the outside sales employee exemption, all of the following tests must be met:

- The employee's primary duty must be making sales (as defined in the FLSA), or obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
- The employee must be customarily and regularly engaged away from the employer's place or places of business.

## Highly Compensated Employees

Highly compensated employees performing office or non-manual work and paid total annual compensation of $100,000 or more (which must include at least $455 per week paid on a salary or fee basis) are exempt from the

FLSA if they customarily and regularly perform at least one of the duties of an exempt executive, administrative or professional employee identified in the standard tests for exemption.

## Blue Collar Workers

The exemptions provided by FLSA Section 13(a)(1) apply only to "white collar" employees who meet the salary and duties tests set forth in the Part 541 regulations. The exemptions do not apply to manual laborers or other "blue collar" workers who perform work involving repetitive operations with their hands, physical skill and energy. FLSA-covered, non-management employees in production, maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers and laborers are entitled to minimum wage and overtime premium pay under the FLSA, and are not exempt under the Part 541 regulations no matter how highly paid they might be.

## Police, Fire Fighters, Paramedics & Other First Responders

The exemptions also do not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, correctional officers, parole or probation officers, park rangers, fire fighters, paramedics, emergency medical technicians, ambulance personnel, rescue workers, hazardous materials workers and similar employees, regardless of rank or pay level, who perform work such as preventing, controlling or extinguishing fires of any type; rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.

## Other Laws & Collective Bargaining Agreements

The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. Similarly, employers may, on their own initiative or under a collective bargaining agreement, provide a higher wage, shorter workweek, or higher overtime premium than provided under the FLSA. While collective bargaining agreements cannot waive or reduce FLSA protections, nothing in the FLSA or the Part 541 regulation relieves employers from their contractual obligations under such bargaining agreements.

## Where to Obtain Additional Information

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

When the state laws differ from the federal FLSA, an employer must comply with the standard most protective to employees. Links to your state labor department can be found at www.dol.gov/whd/contacts/state_of.htm.

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

U.S. Department of Labor
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

1-866-4-USWAGE
TTY: 1-866-487-9243
**Contact Us**

STATE OF GEORGIA
COUNTY OF FULTON

ORDINANCE NO. 10-05-73

## AN ORDINANCE ACCEPTING THE REVISED PERSONNEL POLICY HANDBOOK FOR THE CITY OF CHATTAHOOCHEE HILLS, GEORGIA

**WHEREAS,** a the City Council approved a Personnel Policy Handbook on December 1st, 2009 providing for policies and procedures consistent with personnel administration of a municipal government in alignment with federal, state, and local regulations; and

**WHEREAS,** it is necessary, from time to time, to revise personnel policies and procedures to effectuate the management of the City personnel resources; and

**NOW, THEREFORE BE IT ORDAINED** by the Council of the City of Chattahoochee Hills while in a regular called Council meeting on the 4th day of May, 2010 at 6:00 p.m. as follows:

**SECTION 1.** That the Personnel Policy Handbook for the City of Chattahoochee Hills is hereby revised to include the attached policy documents; and,

**SECTION 2.** All ordinances, parts of ordinances or regulations in conflict herewith are hereby repealed; and

**SECTION 3.** That this Ordinance shall be effective on May 5th, 2010.

**ORDAINED** this 4th day of May, 2010

Approved:

D. L. Hayes, Mayor

Attest:

Dana Wicher, City Clerk

(Seal)



Page 1 of 1

EXHIBIT
"B"

# MEDIA & RELEASE OF INFORMATION

## POLICY STATEMENT

The press serves the public by supplying information, stimulating thought and providing a medium for expresion. The new media exercises a genuine interest in the public good and greatly influences public opinion. There will be circumstances and events where members of the media are present at City facilities and gathering information. The City will actively seek to establish a cooperative environment in which the news media may obtain informaton on matters of public interest without hampering City operations. The City adheres to the requirements of the open records law found at OCGA Sections 50-18-70 et seq. and the City's Open Records Policy adopted by the City Council and available through the City Clerk's office.

## RESPONSIBILITY FOR THE RELEASE OF INFORMATION

A. **Non-Public Safety Information**

> In all matters other than public safety, release of information to the media shall be through the City Manager. In the case where the City Manager is not available, he/she may designate an alternative. In cases where elected/appointed officials receive media requests, coordination through the City Manager's office should be attempted.

B. **Public Safety Information.**

> In all matters involving public safety, release of information to the media shall be through the Police Chief or Fire Chief. In the case where the Chief is not available, he/she may designate an alternative. Police Department Standard Operating Procedure shall govern the protocol of release of information to the media. In order to protect the integrity of public safety operations and investigation, media requests to elected/appointed officials shall be coordinated through the Chief.

C. **Open Records Requests by the Media**.

> The City Clerk accepts and manages open records requests. All open records requests by the media, regardless of subject, shall be released only after review and approval by the City Manager and the City Attorney. All open records request responses will comply with the Georgia statutes.

# POLITICAL ACTIVITY

## POLICY STATEMENT

It is the responsibilty of compensated staff of the City to perform job duties without partiality to any elected official.  Additionally, compensated staff provide important and objective transitional roles from one elected administration to another.  For these reasons, employees should refrain from political activity involving elections and candidates for office while being compensated by the City.

## Political Activity Prohibitions

A.  An employee of the city shall not have a right to publicly or otherwise hold himself out as a candidate in any city municipal election while holding employment with the city.

B.  City employees shall not take part in any political management or political campaigns for the election of mayor or any member of the city council for the city during any period of time for which he is expected to perform work or receive compensation from the city.

C.  No official nor employee nor other person on behalf of an official or employee shall campaign, solicit orally or by letter, nor obtain in any other manner assessments, contributions, or services for any political party from any employee during the employee's work hours. No official, employee or other person acting on behalf of an official or employee shall in any way attempt to coerce, threaten or force employee support or activity in a campaign or for a political party during work hours or otherwise.

D.  Employees shall not represent the city by wearing any uniform or portion thereof that is issued by the city while participating in any campaign at any time.

E.  The city in no way seeks to influence employees in their choice of party affiliations or candidates, recognizing that this is a matter for each person to decide. Therefore, nothing contained herein shall be construed to restrict the right of the employee to hold membership in and support a political party, to vote as he chooses, to express opinions on political subjects or candidates, to maintain political neutrality, to attend political parties after work hours, or to campaign actively during off duty hours in all areas of political activity.

F.  Employees shall not utilize any city equipment or vehicles in support of any political campaign.

## CHATTAHOOCHEE HILLS
### POSITION CLASSIFICATION PLAN

| TITLE | FLSA | ANNUAL SALARY RANGE | | |
| --- | --- | --- | --- | --- |
| | | Minimum | Mid-Point | Maximum |
| Administrative Assistant | N | $ 25,000 | $ 32,500 | $ 40,000 |
| Facility Technician | N | $ 20,000 | $ 27,500 | $ 35,000 |
| Parks Maintenance Technician | N | $ 20,000 | $ 27,500 | $ 35,000 |
| Public Works Technician | N | $ 22,300 | $ 28,450 | $ 34,600 |
| Heavy Equipment Operator (new) | N | $ 25,200 | $ 32,250 | $ 39,300 |
| Finance Coordinator | N | $ 31,200 | $ 39,550 | $ 47,900 |
| Code Enforcement Officer | N | $ 32,000 | $ 40,950 | $ 49,900 |
| Firefighter / EMT | N | $ 33,300 | $ 42,400 | $ 51,500 |
| Firefighter / Paramedic (new) | N | $ 36,600 | $ 46,600 | $ 56,600 |
| Fire Lieutenant | N | $ 41,700 | $ 53,950 | $ 66,200 |
| Fire Captain | E | $ 49,200 | $ 61,100 | $ 73,000 |
| Fire Marshall (new) | N | $ 46,800 | $ 62,150 | $ 77,500 |
| Police Officer | N | $ 34,500 | $ 43,450 | $ 52,400 |
| Police Sergeant | N | $ 39,600 | $ 50,400 | $ 61,200 |
| Police Lieutenant | N | $ 43,700 | $ 55,700 | $ 67,700 |
| Police Captain | E | $ 49,200 | $ 61,100 | $ 73,000 |
| City Clerk | E | $ 44,500 | $ 56,750 | $ 69,000 |
| Municipal Court Clerk | E | $ 42,000 | $ 53,500 | $ 65,000 |
| City Planner | E | $ 51,700 | $ 66,350 | $ 81,000 |
| Engineer | E | $ 53,200 | $ 67,100 | $ 81,000 |
| Fire Chief | | $ 65,000 | $ 81,000 | $ 97,000 |
| Police Chief | | $ 65,000 | $ 81,000 | $ 97,000 |
| Community Development Director | E | $ 60,000 | $ 72,500 | $ 85,000 |
| Public Works & Maintenance Director | | $ 65,000 | $ 81,000 | $ 97,000 |
| Finance Director | | $ 65,000 | $ 81,000 | $ 97,000 |
| Recreation & Parks Director (new) | E | $ 55,600 | $ 70,300 | $ 85,000 |
| IT Director | E | $ 60,000 | $ 72,500 | $ 85,000 |